Kit James Gardner (161736)
**LAW OFFICES OF KIT J. GARDNER**
501 West Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 525-9900
Facsimile:   (619) 374-2241

Counsel for Debtor-in-Possession Lignus, Inc.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 17-05475-CL11 |
| LIGNUS, INC., | CHAPTER 11 |
| Debtor. | **MOTION TO EMPLOY VICTOR M. DIAZ d/b/a INTEGRO CONSULTANTS AS DEBTOR'S ACCOUNTANT *NUNC PRO TUNC*; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOSE GAITAN; DECLARATION OF KIT J. GARDNER DECLARATION OF VICTOR M. DIAZ** |
| | DATE:   January 8, 2018
TIME:   2:30 p.m.
DEPT:   5 |
| | HON. CHRISTOPHER B. LATHAM |

Debtor-in-Possession Lignus, Inc. ("Lignus" or "Debtor") hereby moves for an Order Authorizing the Employment of Victor M. Diaz d/b/a Integro Consultants as the Debtor's Accountant *Nunc Pro Tunc* to the petition date of September 8, 2017.

The Motion is and will be made pursuant to Sections 327 and 105 of the United States Bankruptcy Code, 11 U.S.C. §§ 327 & 105, Federal Rule of Bankruptcy Procedure 2014, Local Bankruptcy Rule 2014-1, and other applicable rules and procedures, and is and will be based on the Memorandum of Points and Authorities, Declaration of Jose Gaitan, Declaration of Kit J.

1

Gardner, and Declaration of Victor M. Diaz attached hereto, any papers and pleadings on file with the Court, and any additional evidence that may be presented hereafter.

LAW OFFICES OF KIT J. GARDNER

Dated: November 30, 2017        By: /s/ Kit J. Gardner            .
                                   Kit J. Gardner
                                   Counsel to Debtor-in-Possession Lignus, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**BACKGROUND**

On September 8, 2017, the Debtor filed in this Court a voluntary Chapter 11 bankruptcy petition under Title 11 of the United States Code. Pursuant to section 327 of the Bankruptcy Code, the Debtor seeks to employ Victor M. Diaz d/b/a Integro Consultants ("Accountant") as its accountant to render services in connection with the Debtor's Chapter 11 bankruptcy proceedings. Accountant possesses skill and experience in the capacity for which he is being retained. Specifically, Accountant is a Certified Public Accountant with 25 years of experience in providing accounting services and filing tax returns on behalf of others. Services to be rendered by Accountant to the Debtor in connection with its bankruptcy case includes the following:

    a.    Preparing and filing the Debtor's tax returns and related documents, including the Debtor's 2016 tax return, which was filed on or about October 16, 2017;

    b.    Providing accounting assistance and advice with respect to the Debtor's ongoing taxes and future taxes; and

    c.    Providing such other reasonable and related services within the scope of engagement as may be requested by the Debtor from time to time.

Debtor desires to employ Accountant on a flat fee basis whereby Accountant will earn $1,100.00 for preparing and filing the Debtor's 2016 tax return, which has already been prepared and filed. Debtor will employ Accountant on an hourly basis with respect to other

1  services.  Presently, those hourly rates are as follows: $150.00 per hour for Victor M. Diaz.  A
2  rate sheet of services that Accountant may provide, and the fees charged for such services, is
3  attached as Exhibit "A" to the Declaration of Victor M. Diaz.
4      Neither Accountant nor any of its principals or employees have any interest in or
5  connection with the Debtor, any creditors of the Debtor, the United States Trustee, any person
6  employed by the United States Trustee, or any other party in interest, including their respective
7  attorneys and accountants.  In addition, neither Accountant nor any principal or employee of
8  Accountant holds or represents any interest adverse to the estate, and Accountant is
9  "disinterested" within the meaning of Bankruptcy Code section 327(a).  See the Declaration of
10 Victor M. Diaz submitted herewith, at ¶ 4.  Except for fees for services rendered or to be
11 rendered in providing the services described herein, Accountant is not owed any money for
12 services performed for the Debtor prior to the filing date of the Debtor's bankruptcy petition on
13 September 8, 2017.  Id.
14     The Debtor will not pay for services rendered by Accountant unless and until an Order
15 has been entered approving the fees and charges of Accountant for services, pursuant to
16 Section 330 of the United States Bankruptcy Code, 11 U.S.C. § 330.

17                                        **II.**
18                                    **DISCUSSION**
19     A professional can be employed as counsel for the debtor in possession after the case
20 has commenced by showing that there is good cause for the professional's failure to seek
21 approval of its employment at the outset of the case. The professional primarily must show: (1)
22 that the services rendered benefitted the estate in a significant manner; and (2) the failure to
23 obtain earlier approval is explained.  In re Atkins, 69 F.3d 970, 974 (9th Cir. 1995).  In this
24 District, approval of professional employment must generally be sought within 30 days after
25 commencement of post-petition services, per the "Guidelines For Fulfilling The Requirements of
26 the United States Trustee" issued by the Office of the United States Trustee.  *See also* Local
27 Bankruptcy Rule 2014-1(a) (requiring that approval be sought within 30 days after filing petition).
28

In this case, Accountant prepared the Debtor's 2016 tax return and filed it on behalf of the Debtor on or about October 16, 2017. On or about October 6, 2017, an *ex parte* application was prepared to employ Accountant, but due to a misunderstanding, it was not returned to Debtor's counsel until November 14, 2017. At that time, Debtor's counsel was engaged in an arbitration and was unable to turn his attention to the application until that Friday, November 17, 2017. Debtor's counsel had also been engaged in a two-week jury trial prior to the arbitration, so his capacity to follow-up with respect to the *ex parte* application had been limited during that time. Aware of the U.S. Trustee's general guidelines concerning *ex parte* applications within 30 days from the date that a professional commences services (and similar Local Bankruptcy Rule requiring authorization to employ all professionals within 30 days of the petition date), the Debtor is seeking approval of Accountant's employment *nunc pro tunc*.

Consequently, the Debtor seeks approval of Accountant's employment *nunc pro tunc* to the petition date of September 8, 2017. Accountant has accrued $1,100.00 in post-petition fees prior to the filing of this Motion for preparing and filing the Debtor's 2016 tax return. The services performed by Accountant benefited the estate in a significant manner, since the Debtor's tax return needed to be prepared and filed in order to avoid penalties. Furthermore, the failure to obtain earlier approval has been explained, and causes no prejudice to creditors or others. As a result, the employment of Accountant should be approved *nunc pro tunc* to the filing date of the Debtor's petition.

### III.

### CONCLUSION

For the foregoing reasons, the Debtor respectfully request that it be authorized to employ Accountant on the terms set forth herein, *nunc pro tunc* to the date of filing the Debtor's petition.

LAW OFFICES OF KIT J. GARDNER

Dated: November 30, 2017     By: /s/ Kit J. Gardner             .
                                 Kit J. Gardner
                                 Counsel to Debtor-in-Possession Lignus, Inc.

**DECLARATION OF JOSÉ GAITAN**

I, José Gaitan, declare as follows:

1. I am over the age of eighteen, and am the Chief Financial Officer of Lignus, Inc., the Debtor-in-Possession in the above-captioned case ("Lignus" or the "Debtor"). I have personal knowledge of the facts set forth in this Declaration, except those facts stated on information and belief, which I believe to be true. If called as a witness in this matter, I could and would testify competently to the facts set forth herein.

2. On September 8, 2017, the Debtor filed a voluntary Chapter 11 bankruptcy petition. The Debtor seeks to employ Victor M. Diaz d/b/a Integro Consultants ("Accountant") as its accountant to render services in connection with the Debtor's Chapter 11 bankruptcy proceedings. Services to be rendered by Accountant to the Debtor in connection with its bankruptcy case includes the following:

   a. Preparing and filing the Debtor's tax returns and related documents, including the Debtor's 2016 tax return, which was filed on or about October 16, 2017;

   b. Providing accounting assistance and advice with respect to the Debtor's ongoing taxes and future taxes; and

   c. Providing such other reasonable and related services within the scope of engagement as may be requested by the Debtor from time to time.

3. Debtor desires to employ Accountant on a flat fee basis whereby Accountant will earn $1,100.00 for preparing and filing the Debtor's 2016 tax return, which has already been prepared and filed. Debtor will employ Accountant on an hourly basis with respect to other services. Presently, those hourly rates are as follows: $150.00 per hour for Victor M. Diaz. A rate sheet of services that Accountant may provide, and the fees charged for such services, is attached as Exhibit "A" to the Declaration of Victor M. Diaz.

4. To the best of my knowledge, neither Accountant nor any of its principals or employees have any interest in or connection with the Debtor, any creditors of the Debtor, the United States Trustee, any person employed by the United States Trustee, or any other party in interest, including their respective attorneys and accountants. In addition, to the best of my

1 | knowledge, neither Accountant nor any principal or employee of Accountant holds or represents
2 | any interest adverse to the estate, and Accountant is "disinterested" within the meaning of
3 | Bankruptcy Code section 327(a).  [See the Declaration of Victor M. Diaz submitted herewith, at
4 | ¶ 4].  Except for fees for services rendered or to be rendered in providing the services described
5 | herein, Accountant is not owed any money for services performed for the Debtor prior to the
6 | filing date of the Debtor's bankruptcy petition on September 8, 2017.  Id.

7 |     5.    The Debtor will not pay for services rendered by Accountant unless and until an
8 | Order has been entered approving the fees and charges of Accountant for services.

9 |     6.    An *ex parte* application to employ Accountant was prepared, but due to a
10 | misunderstanding, Accountant did not return his signed declaration to me until on or about
11 | November 14, 2017 (which I then forwarded to Debtor's counsel).  Consequently, the Debtor
12 | seeks approval of Accountant's employment *nunc pro tunc* to the petition date of September 8,
13 | 2017.  To my knowledge, accountant has accrued $1,100.00 in fees prior to the filing of this
14 | Motion for preparing and filing the Debtor's 2016 tax return.  The services performed by
15 | Accountant benefited the estate in a significant manner, since the Debtor's tax return needed to
16 | be prepared and filed in order to avoid penalties.

17 |     I declare under penalty of perjury that the foregoing is true and correct, and that this
18 | declaration was executed on the date set forth below at San Diego, California.

19 |
20 | Dated: November 30, 2017          /s/ José Gaitan                                    .
21 |                                   JOSÉ GAITAN

6

**DECLARATION OF KIT J. GARDNER**

I, Kit J. Gardner, declare as follows:

1. I am over the age of eighteen, and am the principal of the Law Offices of Kit J. Gardner, counsel to the Debtor-in-Possession in this case, Lignus, Inc. (the "Debtor"). I have personal knowledge of the facts set forth in this Declaration, except facts stated on information and belief, which I believe to be true. If called as a witness, I could and would testify competently with respect to the facts set forth herein.

2. On or about October 6, 2017, I prepared an *ex parte* application to employ Accountant. However, due to an apparent misunderstanding, it was not returned to me until November 14, 2017. At that time, I was engaged in an arbitration and was unable to turn my attention to the application until that Friday, November 17, 2017. I had also been engaged in a two-week jury trial prior to the arbitration, so may capacity to follow-up with respect to the *ex parte* application had been limited during that time.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on the date set forth below at San Diego, California.

Dated: November 30, 2017         /s/ Kit J. Gardner                              .
                                 KIT J. GARDNER

## DECLARATION OF VICTOR M. DIAZ

I, Victor M. Diaz, declare as follows:

1. I am over the age of eighteen, am the principal of Integro, the accounting firm that the Debtor-in-Possession in this case, Lignus, Inc. (the "Debtor") seeks to retain as its accountant. I have personal knowledge of the facts set forth in this Declaration, except facts stated on information and belief, which I believe to be true. If called as a witness, I could and would testify competently with respect to the facts set forth herein.

2. I possess skill and experience in the capacity for which the Debtor proposes to retain my services. Specifically, I am a Certified Public Accountant with approximately 25 years of experience in providing accounting services and filing tax returns on behalf of others.

3. Debtor desires to employ me and my firm on a flat fee basis whereby my firm will earn $1,100 for preparing and filing the Debtor's 2016 tax return. Debtor will employ me on an hourly basis with respect to other services. Presently, those hourly rates are as follows: $150 per hour for myself, and $100 for Fernando Pozo. A rate sheet of services that I may provide, and the fees charged for such services, is attached as Exhibit "A" hereto.

4. Except for fees for services rendered or to be rendered in providing the services described herein, I am not owed any money for services performed for the Debtor prior to the filing date of the Debtor's bankruptcy petition on September 8, 2017.

5. I understand that the Debtor will not pay for services rendered by me unless and until an Order has been entered approving my fees and charges for services, pursuant to Section 330 of the United States Bankruptcy Code.

6. To the best of my knowledge, neither I nor any employee of my firm has any interest in or connection with the Debtor, any creditors of the Debtor, the United States Trustee, any person employed by the United States Trustee, or any other party in interest, including their respective attorneys and accountants, except as may be disclosed herein. In addition, neither I nor any employee of my firm holds or represents any interest adverse to the estate except as

4

1  may be disclosed herein, and my firm is "disinterested" within the meaning of Bankruptcy Code
2  section 327(a).
3      I declare under penalty of perjury that the foregoing is true and correct, and that this
4  declaration was executed on the date set forth below at San Diego, California.

6  Dated: 10/19/17                                   _____
                                                     VICTOR M. DIAZ

Ex Parte Application for Order Authorizing Employment
of Accountant for Debtor in Possession

# EXHIBIT A

## Accountant Fees

Integro
Victor Diaz, Partner

| | |
|---|---|
| Preparation of Annual Income Tax Return | $1,100 per year |
| Accounting & Consulting Services | $150 per hour |